IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GARDINER SMITH, | ) | CIVIL NO. 07-00039 JMS-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION |
| vs. | ) | |
| | ) | |
| CLAYTON FRANK, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DISMISSING PETITION

On January 24, 2007, pro se Petitioner Gardiner Smith, a Hawaii prisoner incarcerated at Halawa Correctional Facility ("HCF") in Aiea, Hawaii, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus.[1]

On March 15, 2007, the court dismissed Smith's Petition for failure to name a proper respondent. The court granted Smith thirty days within which to file an amended petition.

---

[1] Although Smith originally filed this action under 28 U.S.C. § 2254, the court reviewed the petition as a writ of habeas corpus under 28 U.S.C. § 2241. Section 2254 applies to "a person in custody pursuant to the *judgment* of a State court[.]" (emphasis added). At the time Smith filed his original Petition, he was admittedly a pre-trial detainee. Under § 2241, the writ of habeas corpus extends to a prisoner "in custody under or by color of the authority of the United States or is committed for trial before some court thereof[.]"

On March 30, 2007, Smith filed an Amended Petition.[2] As ordered, Respondent filed an Answer to the Amended Petition on May 22, 2007. On June 12, 2007, Smith filed a Reply. After careful consideration of the Amended Petition, Answer, Reply, and the entire record before the court, the Amended Petition is DISMISSED in its entirety.

## I. **BACKGROUND**

On March 15, 2006, Smith was arrested for Kidnapping in violation of Hawaii Revised Statute ("H.R.S.") § 707-720, and Terroristic Threatening in the First Degree in violation of H.R.S. § 707-716(1)(d).[3] Ans. at App. A. On March 16, 2006, the Honorable Faye M. Koyanagi of the District Court of the First Circuit State of Hawaii ("District Court"), approved and signed a Judicial Determination of Probable Cause ("JDPC"). *Id.* On March 23, 2006, the State of Hawaii filed a two-count complaint charging Smith with Terroristic Threatening in the First Degree ("Count One"), and Abuse of Family and Household Members in

---

[2] Although Smith was convicted by a jury prior to filing his Amended Petition, the Amended Petition is properly reviewed as a writ of habeas corpus under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254. A § 2254 petition may only be considered if a defendant is "in custody pursuant to the *judgment* of a State court." 28 U.S.C.§ 2254 (emphasis added). At the time Smith filed the Amended Petition, Circuit Court of the First Circuit State of Hawaii had not yet entered judgment against Smith.

[3] The facts herein are taken from the Amended Petition, Answer, and from Hawaii State Judiciary Ho'ohiki public information system.

violation of H.R.S. § 709-906 ("Count Two"). *Id.* at App. C. The Circuit Court set bail at $30,000. *Id.* at App. B. Smith was unable to post bail, and thus remained in custody at Oahu Community Correctional Center ("OCCC").

On March 15, 2007, a Circuit Court jury found Smith guilty of Terroristic Threatening in the Second Degree in violation of H.R.S. § 707-717 (a lesser included offense of Terroristic Threatening in the First Degree) and Abuse of Family and Household Members. *Id.* at App. E. The Circuit Court entered judgment against Smith on June 20, 2007. On July 6, 2007, Smith filed a Notice of Appeal.

On March 30, 2007, before the Circuit Court entered judgment against Smith, Smith filed the Amended Petition. Although not entirely clear, Smith appears to re-allege the three grounds for relief raised in his original Petition and also raises three new grounds for relief. Smith re-alleges:

> Ground One: Smith "did not receive a timely, prompt Judicial Determination of Probable Cause, bail or arraignment hearing within (48) forty-eight hours upon a warrantless arrest[.]"
>
> Ground Two: "[T]he Defendant asserts that on June 5, August [sic] 21, and December 4, of the year 2006 that he was ready to commence trial but due to the court[']s granting continuances despite Defendant[']s objection caused unreasonable delay to take, [sic] Defendant to trial within the Speedy Trial Right of (180) one hundred and

eighty days[.]"

Ground Three: "[T]he Defendant also asserts he is subjected to prejudice because Mr. Tai [sic] Kim legal counsel 'postponed' the trial until December 4, 2006, without the Defendant[']s 'consent' that violates attorney to client privileges and due process."

Am. Petition at ¶¶ 1, 32, & 39.  Smith sets forth three new grounds for relief:

Ground Four: "The Petitioner asserts prejudice because at trial on March 12, 2007[,] before the Honorable Judge Dexter Dean Del Rosario, [P]etitioner did not receive a fair and reliable 'trial' due to the permanent loss of preliminary transcripts."

Ground Five: "The Petitioner asserts prejudice because [d]efense counsel Mr. Tae Kim, (subpoena witnesses) officer Ralikiko and Detective Chris Lee and, which, he never did for cross-examination at trial, that is ineffective assistance of counsel."

Ground Six: "[T]he Petitioner asserts prejudice because at trial the Honorable Judge Dexter Dean Del Rosario would not allow the jurors to hear, [sic] the telephone conversation interview with Detective Chris Lee and [the] State[']s sole witness Mrs. Walker-Alston to show inconsistent statements, that infringe on petitioner[']s [d]ue process rights and Equal Protection Clause rights."

Am. Petition at ¶¶ 53-55.

## II.  LEGAL STANDARD

A district court may entertain a petition for writ of habeas corpus on behalf of a prisoner "in custody under or by color of the authority of the United

States or is committed before some court thereof" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *see Rose v. Hodges*, 423 U.S. 19, 21 (1975). The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

### III. DISCUSSION

Before a petitioner may bring a habeas petition to federal court all of the claims raised must be exhausted in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To exhaust, a petitioner must present his claims to the highest state court and give that court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201-02 (9th Cir. 2005). A petitioner may present his claims either on direct appeal or in state collateral proceedings. *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).

Although § 2241 does not require exhaustion as part of its statutory framework, "[a]s an exercise of judicial restraint . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas

petitioners have exhausted state avenues for raising federal claim." *Carden v. Mont.*, 626 F.2d 82, 83 (9th Cir. 1980) (explaining that for reasons of comity, a pretrial detainee must show special circumstances, in addition to the merits of a claim, warranting federal intervention in state criminal proceeding).

**A.**     **Smith's Claims Are Unexhausted**

As a preliminary matter, the court finds that Grounds Four, Five, and Six are non-cognizable under § 2241. Because Smith has received a trial and the Circuit Court has entered judgment against him, Grounds Four, Five, and Six are more properly brought under a § 2254 petition. Thus, the court will not address the merit of each claim so as not to jeopardize Smith's ability to re-file the claims in a petition under 28 U.S.C. § 2254 for writ of habeas corpus. Notwithstanding the fact that Grounds Four, Five, and Six are non-cognizable under § 2241, the claims are still unexhausted.

On July 6, 2007, Smith filed a direct appeal of his criminal conviction, which is now pending in state court. The exhaustion requirement applicable to federal habeas petitions is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner

must await the outcome of the challenge before his state remedies are considered exhausted. *Sherwood*, 716 F.2d at 634. Moreover, because the outcome of a pending state court challenge may moot the federal petition, the rule in *Sherwood* applies whether or not the issue raised in the challenge is included in the federal petition.[4] *Id.*

As Smith's direct criminal appeal is pending in state court, Smith has not satisfied the exhaustion requirement applicable to federal habeas petitions. Grounds One, Two, Three, Four, Five, and Six are DISMISSED without prejudice to refiling once all state court post-conviction challenges to Smith's conviction have been completed and all claims Smith wishes to raise in federal court have been exhausted under 28 U.S.C. § 2254(b)-(c). *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

**B.   Ground One Is Without Merit**

Notwithstanding the fact that Ground One is unexhausted, the court also finds that Ground One lacks merit. Section 2254(b)(2) of the Antiterrorism

---

[4] The Ninth Circuit recognizes an exception to Sherwood: When excessive delay in obtaining a state court appeal constitutes a due process violation, a prisoner is not required to fully exhaust his state remedies "if the root of his complaint is his inability to do." *Coe v. Thurman*, 922 F.2d 528, 531 (1991). Here, the *Sherwood* exception does not apply. Smith does not argue that the state court violated his due process rights by delaying his appeal. In any event, his direct appeal has been pending for only approximately two weeks.

and Effective Death Penalty Act ("AEDPA") provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). A federal district court may deny an unexhausted petition on the merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005).

Here, Smith alleges that he did not receive a timely, prompt Judicial Determination of Probable Cause ("JDPC") hearing following his warrantless arrest on March 15, 2006. Smith is factually incorrect.

"[A] state . . . must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). A hearing that occurs within 48 hours, however, "may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed

unreasonably." *Id.*[5]

    Judge Koyanagi approved and signed a JDPC on March 16, 2006 at 7:58 a.m., approximately twelve hours after Smith's warrantless arrest. Judge Koyanagi was "satisfied that there [were] sufficient facts and circumstances establishing probable cause for the warrantless arrest of [Petitioner] . . . and that grounds establishing probable cause for the extended restraint of liberty of the above-named warrantless arrestee exist[ed]" Ans. at App. A. Smith has presented no facts to show that the JDPC was delayed unreasonably. As the JDPC took place approximately twelve hours after Smith's warrantless arrest, he received a timely probable cause determination. Thus, Ground One is DISMISSED with prejudice.

\\\

\\\

\\\

\\\

---

[5] Under Hawaii law, "[a]s soon as practicable . . . not later than 48 hours after the warrantless arrest of a person held in custody, a district judge shall determine whether there was probable cause for arrest." Hawaii Rules of Penal Procedure ("H.R.P.P.") Rule 5(a)(2).

## IV. **CONCLUSION**

1.  Ground One is DISMISSED with prejudice as legally frivolous.

2.  Smith's remaining claims are DISMISSED without prejudice to refiling once all state court post-conviction challenges to Smith's conviction have been completed and all claims Smith wishes to raise in federal court have been exhausted under 28 U.S.C. § 2254(b)-(c). The Clerk shall close the file.

3.  All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Smith v. Frank*, Civ. No. 07-39 JMS; ORDER DISMISSING PETITION; hmg\Habeas 07\Smith 07-39 (dis amd pet)